# JOHN H. BOYD v. SEVER QUARBERG.[1]

March 6, 1914.

Nos. 18,489—(293).

**Broker.**

Whether defendant authorized plaintiff to procure a purchaser for his farm was a question for the jury. A typewritten copy of plaintiff's statement to his

[1] Reported in 145 N. W. 746.

clerk of a street conversation with defendant, in which he claimed such authority was given, was properly excluded when offered in evidence as a memorandum. [Reporter.]

Action in the district court for Polk county to recover $1,995 for services in procuring a purchaser for defendant's land. The answer was a general denial. The case was tried before Watts, J., and a jury which returned a verdict in favor of defendant. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*Charles Loring* and *G. A. Youngquist,* for appellant.

*A. A. Miller,* for respondent.

PER CURIAM.

This appeal presents no serious question either of law or fact. The action was brought to recover a commission alleged to have been earned by plaintiff in procuring a purchaser for defendant's farm. The question whether plaintiff was authorized to procure a purchaser was the principal issue litigated on the trial. The plaintiff affirmed that authority had been given and defendant denied it. The jury found for defendant and the trial judge approved the verdict. The evidence made the question one of fact. There was no error in permitting defendant to answer the general question whether he had authorized plaintiff to sell the farm, at least no error of a prejudicial character. The plaintiff claimed that the authority was conferred upon him by a conversation had with defendant on a street corner at Crookston; that he immediately thereafter proceeded to his office and made a statement of the facts to his clerk, and caused him to put the same in typewritten form. This typewritten matter was offered in evidence as a memorandum and on defendant's objection excluded by the court. It requires no discussion to demonstrate the correctness of the ruling. The charge of the court taken as a whole is free from criticism or error, and there was no abuse of discretion in denying a new trial on the ground of newly-discovered evidence.

Order affirmed.